29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John B. GRINOLS, Plaintiff-Appellant,
v.
STATE of ALASKA, et al., Defendants-Appellees.
 No. 93-35453.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alaska state prisoner John B. Grinols appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal without prejudice of his 42 U.S.C. Sec. 1983 action, which challenges the actions of various state officials and others in connection with his state conviction for sexual abuse of a minor. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's dismissal for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Under section 1915(d), the district court may dismiss an in forma pauperis complaint as frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In deciding whether the district court abused its discretion, this court considers such factors as whether the plaintiff was proceeding pro se, whether the court resolved disputed facts, whether the court made incorrect legal conclusions, whether the court provided an explanation of its reasons for dismissal, and whether or not the district court dismissed with prejudice. Hernandez, 112 S.Ct. at 1734. To state a claim under section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional or federal right. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A complaint against parties with clear immunity is frivolous within the meaning of section 1915(d). Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989).
 
 
 4
 Grinols alleges that the State of Alaska, various state officials, the Ketchikan Daily News, his defense attorney David Rosendin, and assistant district attorney Adrienne Bachman violated his civil rights during his state criminal trial.[1] The district court properly found that the defendants were either immune from liability or not acting under color of state law. See Jackson, 885 F.2d at 641; Karim-Panahi, 839 F.2d at 624. Furthermore, the district court was not required to resolve disputed factual issues, provided an explanation of its reasons for dismissing the complaint, and dismissed without prejudice. See Hernandez, 112 S.Ct. at 1734. Accordingly, the district court did not abuse its discretion in dismissing Grinols' complaint as frivolous pursuant to section 1915(d). See Neitzke, 490 U.S. at 319.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Grinols' request for oral argument is denied. Grinols has filed motions apparently seeking dismissal of this appeal without prejudice. The motions are denied because this court does not grant such relief. Grinols' motion "to vacate, set aside, void, and enter declaratory judgment, permanent injunction, and any other relief deemed necessary" is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grinols also seeks an "order for release" as part of his requested relief. Such relief is available only in a habeas petition. This court has previously affirmed the district court's dismissal of Grinols' habeas petition challenging his sexual abuse conviction